**Rogelio C. GOMEZ, Petitioner,**

v.

**MERIT SYSTEMS PROTECTION BOARD, Respondent.**

No. 03–3303.

United States Court of Appeals, Federal Circuit.

DECIDED: April 9, 2004.

———

Elizabeth G. Candler, Kelly B. Weiss, Principal Attorney, Brian M. Simkin, David M. Cohen, of Counsel, Department of Justice, Joyce G. Friedman, Principal Attorney, Calvin M. Morrow, of Counsel Washington, DC, for Respondent.

Rogelio C. Gomez, of Counsel, Royse City, TX, for Petitioner.

Before CLEVENGER, SCHALL, and BRYSON, Circuit Judges.

PER CURIAM.

Rogelio C. Gomez seeks review of the final decision of the Merit Systems Protection Board ("Board") dismissing his appeal for lack of jurisdiction, *Gomez v. Dep't of Labor*, No. DA315H030141–I–1 (July 7, 2003). We *affirm.*

I

This case involves a decision by the Department of Labor ("agency") to remove Mr. Gomez from his job with the Occupational Safety and Health Administration ("OSHA") within the agency for failing to follow direct instructions and failing to exercise good judgment. After serving 20 years in the military, Mr. Gomez was employed by the agency in a one-year probationary position. He was removed before the completion of the probationary period.

II

Mr. Gomez appealed his removal to the Board, and his case was assigned to an administrative judge. The Board has quite limited jurisdiction to hear appeals of removals brought by probationary employees. *See* 5 C.F.R. § 315.806 (2002). If an employee is terminated during his trial period for post-appointment reasons (as is the case here), the Board is empowered to hear the appeal only if the employee makes a nonfrivolous allegation that his removal was for partisan political reasons or marital status. *See* 5 C.F.R. § 315.806(b) (2002).

Because the record clearly revealed that Mr. Gomez served in a probationary position at the time of his removal, the administrative judge notified Mr. Gomez of the possible jurisdictional hurdle presented by his appeal, and afforded him an opportunity to explain why his appeal fell within the limited jurisdiction the Board has to adjudicate appeals from terminated probationary employees. Mr. Gomez responded, contending that he had previous OSHA experience, which combined with his six months of service should shorten his probationary period to three months. He also argued that his long military experience should lessen the time of his probationary status.

The administrative judge rejected these contentions that the one-year probationary period was inappropriate. *See Gomez v. Dep't of Labor*, No. DA315H030141–I–1 (Dec. 31, 2002). She held that the record did not reflect any previous employment by Mr. Gomez in the agency "in the same line of work," which is the requirement to enable tacking of previous work experience to the time actually spent as a probationary employee. 5 C.F.R. § 315.802(b)(2) (2002). She also held that previous military service does not count for tacking purposes. *See id.*, § 315.802(b) (2002) (permitting tacking only for "[p]rior Federal civilian service").

Mr. Gomez made no allegation that his removal was prompted by political or marital reasons as is required by 5 C.F.R. § 315.806(b). He did argue that his removal was the result of discrimination on the basis of race, national origin and religion. Because Mr. Gomez had shown no reason to vest the Board with jurisdiction, the administrative judge dismissed the appeal for lack of jurisdiction.

Mr. Gomez unsuccessfully sought review by the full Board, and the Board's declination of that review converted the initial decision of the administrative judge into the final decision of the Board. Mr. Gomez then timely sought review in this court of the Board's final decision.

### III

We must affirm the final decision of the Board unless we conclude that it is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. 5 U.S.C. § 7703(c) (2000).

We discern no error in the Board's decision. The limited circumstances in which the Board may hear appeals from removed probationary employees have not been shown to exist here. In his appeal to this court, Mr. Gomez argues that the alleged discriminatory reasons for his removal should vest the Board with jurisdiction. This argument puts the cart before the horse, for the Board can only reach the merits of a removal action alleging a discriminatory termination based on post-appointment reasons if it gains jurisdiction to hear the merits by virtue of 5 C.F.R. § 315.806(b). *See* 5 C.F.R. § 315.806(d) ("An appeal alleging a discriminatory termination may be filed . . . only if such discrimination is raised in addition to one of the issues stated in paragraph (b)."). On the facts of this case, the Board lacked that jurisdiction.

Mr. Gomez also argues, apparently for the first time to this court, that the Board wrongly applied the Veterans Employment Opportunities Act of 1998. He does not provide any rationale or explanation for this argument. His citation to 5 U.S.C. § 4303 (actions based on unacceptable performance) and 5 U.S.C. § 7512 ([adverse] actions covered) as support for jurisdiction in this case are unavailing, as those provisions apply only to employees who are not in probationary status at the time of their appeal to the Board.

The Board's final decision dismissing Mr. Gomez's appeal is affirmed.